UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARWIN CROSBY, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>SAVE MART SUPERMARKETS, a California corporation and all other similarly situated,<br><br>    Defendant. | No. 2:15-CV-0321-GEB-KJN<br><br>**ORDER REMANDING CASE TO THE SUPERIOR COURT OF CALIFORNIA FOR THE COUNTY OF PLACER**[*] |

        Plaintiff seeks remand of this case to the state court from which it was removed. The basis of removal was federal question subject matter jurisdiction; however, the parties caused a stipulation to be filed today that eliminates that basis for subject matter jurisdiction.

        Defendant opposes remand arguing "the existence of [asserted] related cases pending in this Court . . . heavily weighs against remand on the ground of judicial economy, fairness, and convenience." (Opp'n 8:24-27, ECF No. 10.)

        Under 28 U.S.C. section 1367(c)(3), a district court

---

[*] The hearing on March 30, 2015 is vacated since this matter is suitable for decision without oral argument under E.D. Cal. R. 230(g).

"may decline to exercise supplemental jurisdiction over [state] claim[s]" if "all claims over which [the district court] has original jurisdiction" have been dismissed. "While discretion to decline supplemental jurisdiction . . . is triggered by the presence of one of the conditions in section 1367(c)(3), it is informed by the Gibbs values of economy, convenience, fairness, and comity." Acri v. Varian Assocs., Inc., 114 F.3d 999, 1001 (9th Cir. 1997) (referencing United Mine Workers v. Gibbs, 383 U.S. 715 (1966)). "In a case in which all federal law claims are eliminated before trial, the balance of these factors will generally point toward declining to exercise jurisdiction over the remaining state law claims." Nishimoto v. Federman-Bachrach & Assoc., 903 F.2d 709, 715 (9th Cir. 1990).

"Needless decisions of state law should be avoided [in federal court] both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of the applicable law." Gibbs, 383 U.S. at 726. Therefore, the Gibbs values favor declining to exercise supplemental jurisdiction over the remaining state claims.

Plaintiff's remand motion is GRANTED, and this case is remanded to the SUPERIOR COURT OF CALIFORNIA FOR THE COUNTY OF PLACER from which it was removed. The Clerk of Court shall close this action.

Dated: March 17, 2015

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge