UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARWIN CROSBY, on behalf of himself and all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>SAVE MART SUPERMARKETS, INC., a California corporation; and DOES 1 through 50,<br><br>　　　　　Defendants. | No. 2:15-cv-00321-GEB-KJN<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR FEES FOLLOWING REMAND** |

　　　　Plaintiff moves under 28 U.S.C. § 1447(c) for attorney's fees incurred in remanding this case to the state court from which it was removed. (Pl.'s Mem. P.&A. Supp. Mot. Fees 1:10-11, ECF No. 13-1.) Plaintiff argues he is entitled to such fees both because "there was no objectively reasonable basis for removal" and "'unusual circumstances' warrant the award." (Id. at 5:1, 5:7-8.) Specifically, Plaintiff contends:

> the operative complaint alleges no causes of action under federal law. At most, the Complaint mentions the FMLA as part of its state law claims . . . . Defendant . . . based its removal solely on [Plaintiff's] discovery responses . . . . Even after Defendant . . . stipulated to allow Plaintiff . . . to amend his discovery responses when Plaintiffs' counsel stated they were not pursuing any federal claims, Defendant would not agree to remand. This case was never a case under federal law. . . . Without any federal claims plead, there was no

1

> objectively reasonable basis for removal. . . .
>
> If the Court should find that removal was objectively reasonable, it may still award remand costs and fees under § 1447(c) if it finds that "unusual circumstances" warrant the award. . . .
>
> . . . [Here, i]t is clear that removal was a tactic by Defendant . . . to avoid responding to . . . class discovery . . . . If the Court finds that removal was objectively reasonable, then it should nevertheless award Plaintiffs attorney's fees in obtaining remand because of Defendant['s] delaying tactics.

(Id. at 4:21-5:1, 5:7-6:2 (heading omitted).)

Defendant opposes the motion, rejoining, *inter alia*: "where removal was proper but the case was remanded because Plaintiff's post-removal conduct eliminated the federal question in the case, the Court is barred from awarding attorneys' fees." (Def.'s Opp'n 1:10-13, ECF No. 14.) Defendant argues:

> Plaintiff . . . served verified discovery responses on Defendant . . . , testifying that he was pursuing a federal claim under the Family and Medical Leave Act. Within 30 days of receiving Plaintiff's discovery responses, [Defendant] removed this case to this Court under federal question jurisdiction. After removal, this Court granted the parties' stipulation to amend [Plaintiff's] discovery responses so that he was no longer pursuing an FMLA claim. The Court then declined to exercise supplemental jurisdiction over Plaintiff's remaining state law claims and remanded the case . . . . Under these circumstances, . . . the Court is barred from awarding attorneys' fees.

(Id. at 1:2-13.)

"Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."

2

*Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "[W]hen an objectively reasonable basis exists, fees should be denied." Id.

Defendant avers in its "Notice of Removal" that removal was "based upon the existence of a federal question in that Plaintiff . . . , is pursuing a federal cause of action under the Family and Medical Leave Act, 29 U.S.C. 2601 ("FMLA"), *et seq.*" (Notice Removal 2:4-5, ECF No. 1.) Plaintiff's response to a Request for Admission supports this basis for removal. (See id. at ¶ 44; Decl. Tarun Mehta Supp. Notice Removal, Ex. MM, ECF No. 2-6.)

Subsequent to removal, the parties filed a Stipulation and Proposed Order in which they sought court approval of their agreement that Plaintiff's discovery response that was the basis of removal "was erroneous." (Stip. & Proposed Order 2:9, ECF No. 7.) This Stipulation and Proposed Order was approved, following which Plaintiff moved to remand the case to state court based on lack of federal question jurisdiction. The remand motion was granted. (Order Remanding Case, ECF No. 12.)

Under these circumstances, Plaintiff has not shown that Defendant lacked an objectively reasonable basis for removal. Further, Plaintiff has not shown that other "unusual circumstances" justify an award of fees in this case. Therefore, Plaintiff's motion for fees is DENIED.

Dated:  July 16, 2015

```
                          _____
                          GARLAND E. BURRELL, JR.
                          Senior United States District Judge
```

3